UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOROTHY G. GIBSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRISTOL-MYERS SQUIBB COMPANY, MCKESSON CORPORATION, and DOES 1 to 100, <br><br> Defendants. | Case No: C 13-01416 SBA <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY** <br><br> Docket 9 |

The parties are presently before the Court on Bristol-Myers Squibb Company's ("BMS") motion to stay pending transfer to the Plavix® MDL. Dkt. 9. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS BMS' motion to stay for the reasons stated below.[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).[2]

## I. BACKGROUND

On March 1, 2013, Plaintiffs commenced the instant action against Defendants BMS and McKesson Corporation (collectively "Defendants") in the Superior Court of California, County of San Francisco, alleging injuries arising out of the use of the prescription drug Plavix®. Compl., Dkt. 1. On March 29, 2013, Defendants removed the case to this Court

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

[2] Plaintiffs has filed an administrative motion for an order shortening time to have their motion for remand heard before the instant motion. In light of this decision, the Court denies Plaintiffs' motion as moot.

based on diversity jurisdiction, 28 U.S.C. § 1332(a). See Notice of Removal, Dkt. 1.

Due to the number of Plavix® products liability actions filed, the Judicial Panel on Multidistrict Litigation ("MDL Panel") established an MDL court in the United States District Court for the District of New Jersey. See In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II), MDL No. 2418 ("Plavix® MDL"). On April 2, 2013, the MDL Panel conditionally transferred this case to the MDL court. See Dkt. 9, Exh. C. The issue of whether this action will be transferred to the Plavix® MDL is currently pending before the MDL Panel.

## II. DISCUSSION

Federal district courts have the inherent power to stay ongoing proceedings. This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court's decision to grant or deny a stay is a matter of discretion. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

In determining whether to stay proceedings pending a motion before the MDL Panel, the factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. In re iPhone Application Litig., No. C 10-5878 LHK, 2011 WL 2149102, *2 (N.D. Cal. 2011); see also Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The Court finds that the above-referenced factors weigh in favor of a stay.[3] First, there is no evidence that Plaintiffs will be prejudiced or inconvenienced by a temporary stay. If this case is transferred to the Plavix® MDL, Plaintiffs will be able to present their

---

[3] Other courts in this District that have granted motions to stay in similar cases. See Arenberg v. Bristol-Myers Squibb Co., C 12-06207 SBA (N.D. Cal. Apr. 22, 2013); see Aiken v. Bristol-Myers Squibb Co., C 12-05208 RS (N.D. Cal. Mar. 14, 2013); Vanny v. Bristol-Myers Squibb Co., C 12-05752 SI (N.D. Cal. Mar. 25, 2013); Arnold v. Bristol-Myers Squibb Co., C 12-6426 TEH (N.D. Cal. Apr. 3, 2013); Kinney v. Bristol-Myers Squibb Co., C 12-4477 EMC (N.D. Cal. Apr. 12, 2013).

motion to remand in the proceeding. On the other hand, if the case is not transferred, this Court will resolve the remand issue. Furthermore, it is unlikely that the stay will be lengthy, since the conditional transfer issue will be decided by the MDL Panel shortly after May 30, 2013. Dkt. 9 at 2 n.2; see Kinney v. Bristol-Myers Squibb Co., C 12-4477 EMC (N.D. Cal. Apr. 12, 2013). Second, BMS may suffer hardship and inequity if the stay is not imposed. If this Court prematurely adjudicates Plaintiffs' motion to remand, BMS may be forced to re-litigate issues before the MDL Panel or in state court. See Arnold v. Bristol-Myers Squibb Co., C 12-6426 TEH (N.D. Cal. Apr. 3, 2013). Finally, a stay would promote judicial economy and uniformity. In light of the numerous motions to remand pending before various judges of this District in other Plavix® products liability actions, staying the action will avoid the possibility of inconsistent results and will conserve judicial resources by avoiding the needless duplication of work in the event this case is transferred.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. BMS' motion to stay is GRANTED. The hearing scheduled for June 4, 2013 is VACATED. This action is STAYED until the pending conditional transfer matter is resolved by the MDL Panel. The parties shall inform the Court within seven (7) days from the date this matter is resolved.

2. This Order terminates Docket 9 and 20.

IT IS SO ORDERED.

Dated: May 13, 2013

                                                              *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge